**LINEA DE VAPORES GARCIA, S. A. v.**
**THE PRESIDENT POLK et al.**

No. 19408.

United States District Court
E. D. New York.

April 14, 1950.

Dow & Symmers, New York City, for respondents William G. Symmers, New York City, for motion.

Hunt, Hill & Betts, New York City, for libelant (Geo. Whitefield Betts, Jr., New York City), opposed.

KENNEDY, District Judge.

On July 28, 1948 as the steamer President Polk was berthing at La Machina pier in Havana she damaged two lighters (Chorrera and Yanina), owned by libelant, a Cuban national. The suit is *in rem*, based on a claim of fault on the part of President Polk.

Respondent and claimant, the owner of the steamer, now move to dismiss the libel on the ground that a Cuban forum is more convenient; there is also a suggestion of laches.

The situation is rather novel: a foreigner has invoked American admiralty jurisdiction, and the American shipowner objects. The latter urges that considerable expense will be involved in the bringing of witnesses from Cuba, and also that it has posted (July 1948) a bond in the sum of $40,000. to secure for libelant any award that a Cuban court may make.

One would suppose that the principal evidence on the part of the respondent will come from the members of the crew of the steamer, and that it is more likely that the burden would be upon the libelant to produce Cuban witnesses to support its claim. Of course, this might not necessarily be so. But even if respondent intends to rely on the evidence of Cuban witnesses, I can see nothing too onerous in the taking of depositions in Havana. True enough, deposition evidence is not as satisfactory as that taken in open court, but there is little danger that skillful advocates will overlook anything, and the peculiarities of admiralty jurisdiction make the use of depositions quite common.

In the argument and on the briefs the question of power to refuse jurisdiction was fully discussed. I am convinced that, at the instance of an American national, an admiralty court has power to refuse jurisdiction on the ground of *forum non conveniens*, if a case were made out. But here I feel that it is just as convenient to dispose of the cause in an American court as it would be in a Cuban court.

The claim of laches is predicated largely on the fact that libelant did not see fit to proceed promptly in Cuba after the

posting of the bond by respondent. Should respondent ultimately prevail, it would probably be fair that it recover, as part of its costs, the premium on the bond, and libelant's advocate intimated that he would make no difficulty about this. The lapse of time in itself is surely no basis for a claim of laches.

The motion is denied.